UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA


| | | |
|---|---|---|
| **Anthony Lamar Brown**, | ) | **C/A No. 0:05-3025-RBH-BM** |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **Report and Recommendation** |
| | ) | |
| **City of Waterboro**, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

_____

The plaintiff is a pre-trial detainee at the Colleton County Detention Center, which is located in Walterboro, South Carolina. Walterboro is the county seat of Colleton County. The plaintiff has brought suit against the City of Walterboro for alleged civil rights violations arising out of a criminal case from 2003.

Under established local procedure in this judicial district, a careful review has been made of the *pro se* complaint pursuant to the procedural provisions of 28 U.S.C. § 1915; 28 U.S.C. § 1915A; and the Prison Litigation Reform Act. The review has been conducted in light of the following



1

precedents: Denton v. Hernandez, 504 U.S. 25, 118 L.Ed.2d 340, 112 S.Ct. 1728, 1992 U.S. LEXIS® 2689 (1992); Neitzke v. Williams, 490 U.S. 319, 324-325, 1989 U.S. LEXIS® 2231 (1989); Haines v. Kerner, 404 U.S. 519 (1972); Nasim v. Warden, Maryland House of Correction, 64 F.3d 951, 1995 U.S.App. LEXIS® 26108 (4th Cir. 1995)(*en banc*), *cert. denied*, 516 U.S. 1177, 134 L.Ed.2d 219, 116 S.Ct. 1273, 1996 U.S. LEXIS® 1844 (1996); Todd v. Baskerville, 712 F.2d 70 (4th Cir. 1983); and Boyce v. Alizaduh, 595 F.2d 948 (4th Cir. 1979)(recognizing the district court's authority to conduct an initial screening of a *pro se* filing);[1] Loe v. Armistead, 582 F.2d 1291 (4th Cir. 1978), *cert. denied*, Moffitt v. Loe, 446 U.S. 928 (1980); and Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir.), *cert. denied*, Leeke v. Gordon, 439 U.S. 970 (1978).  As a *pro se* litigant, plaintiff's pleadings are accorded liberal construction.   See Hughes v. Rowe, 449 U.S. 5, 9-10 & n. 7 (1980)(*per curiam*); and Cruz v. Beto, 405 U.S. 319 (1972).  However, even under this less stringent standard, the § 1983 complaint in this case is still subject to summary dismissal.  The requirement of liberal construction

---

[1] Boyce has been held by some authorities to have been abrogated in part, on other grounds, by Neitzke v. Williams, 490 U.S. 319 (1989)(insofar as Neitzke establishes that a complaint that fails to state a claim, under Federal Rule of Civil Procedure 12(b)(6), does not by definition merit *sua sponte* dismissal under 28 U.S.C. § 1915(e)(2)(B)(i) [formerly 28 U.S.C. § 1915(d)], as "frivolous").



not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. Weller v. Department of Social Services, 901 F.2d 387, 1990 U.S.App. LEXIS® 6120 (4th Cir. 1990).

## Discussion

Plaintiff alleges in his complaint as follows:

> on January 4, 2003 I Anthony L. Brown was arrested at approx: 2:30 am for Armed Robbery and Assault and Battery w/intent to kill. The victim Derek Preveaux was shot one time in the pelvic area & allegedly robbed of cash & jewelry. A warrant was issued for my arrest. After sitting in the Colleton County Detention Center from 1-04-03 to 10-23-03 (approx: 10 months) I took a jury trial & was found not guilty by reason of mistaken identity. Especially, due to the fact that the victim was drug tested & found to be under the influence of 4 different drugs during the time of the robbery/shooting.

(Complaint, at page 3). In his prayer for relief, the plaintiff seeks "justice[.]" Specifically, the plaintiff writes:

> I would like for the court to take into consideration, my claim. Also, for the court to reward me justice, which is long over-due. Last but not least, for the court to look into the topic at hand & treat it with the honesty that you would do any other case.
> Thank-you!

(Complaint, at page 5). Since the plaintiff was acquitted in 2003, it appears that he is currently being held on unrelated charges.



3

Since the plaintiff was acquitted in his 2003 criminal case, the above-captioned case is not barred by Heck v. Humphrey, 512 U.S. 477, 129 L.Ed.2d 383, 114 S.Ct. 2364, 1994 U.S. LEXIS® 4824 (1994). *See also* Woods v. Candela, 47 F.3d 545, 1995 U.S.App. LEXIS® 2495 (2nd Cir.)(plaintiff's conviction reversed by state court in 1993; hence, civil rights action timely filed), *cert. denied*, Candela v. Woods, 516 U.S. 808, 133 L.Ed.2d 18, 115 S.Ct. 54, 1995 U.S. LEXIS® 5329 (1995); Treece v. Village of Naperville, 903 F. Supp. 1251 (N.D.Ill. 1995); Seaton v. Kato, 1995 U.S. Dist. LEXIS® 2380, *12-*13, 1995 WESTLAW® 88956 (N.D.Ill., February 28, 1995); and Smith v. Holtz, 879 F. Supp. 435, 1995 U.S.Dist. LEXIS® 3721 (M.D.Pa. 1995), *affirmed*, 87 F.3d 108, 1996 U.S.App. LEXIS® 15388 (3rd Cir.), *cert. denied*, Wambaugh v. Smith, 519 U.S. 1041, 136 L.Ed.2d 536, 117 S.Ct. 611, 1996 U.S. LEXIS® 7706 (1996). Moreover, the above-captioned civil rights action would appear to be timely under South Carolina's three-year statute of limitations, § 15-3-530, South Carolina Code of Laws. Wilson v. Garcia, 471 U.S. 261, 265-280 (1985)(in § 1983 actions, federal courts should apply a state's general statute of limitations for personal injuries).



However, although the above-captioned case is not barred by <u>Heck v. Humphrey</u> and is timely, the doctrine of vicarious liability and the doctrine of *respondeat superior* are not applicable in § 1983 actions. <u>Vinnedge v. Gibbs</u>, 550 F.2d 926, 927-929 & nn. 1-2 (4th Cir. 1977). Hence, vicarious liability may not be imposed upon the City of Walterboro for actions of individual employees or officials of the City of Walterboro. Hence, the City of Walterboro cannot be held liable for the actions of its police officers who believed Derek Preveaux's statement that the plaintiff shot and robbed him.[2] The absence of any allegations whatsoever against the City of Walterboro also forecloses any application of the limited "policy or custom" exception to the prohibition against application of the doctrines of *respondeat superior* or vicarious liability in section 1983 cases. *See* <u>Monell v. New York City Dept. of Social Services</u>, 436 U.S. 658 (1978)(municipalities are liable under § 1983 only for violations of federal law that occur pursuant to official governmental policy or custom); <u>Slakan v. Porter</u>, 737 F.2d 368, 370-375

---

[2]While individual officers or other persons acting under color of state law may be subject to suit under § 1983, if indeed any had been named as party Defendants, the text of Plaintiff's complaint fails to assert any allegations against any particular individual(s). Therefore, even if Plaintiff had named some individuals as party Defendants in the caption of the complaint, it would still be subject to dismissal because Plaintiff has failed to set forth any allegations against such individuals.



(4th Cir. 1984), *cert. denied*, Reed v. Slakan, 470 U.S. 1035 (1985).  *See also* Shaw v. Stroud, 13 F.3d 791, 1994 U.S. App. LEXIS® 196 (4th Cir.), *cert. denied*, Stroud v. Shaw, 513 U.S. 813, 1994 U.S. LEXIS® 5500 (1994).³ Therefore, this case is subject to dismissal.

### *Recommendation*

Accordingly, it is recommended that the Court dismiss the above-captioned case *without prejudice* and without issuance and service of process.  *See* Denton v. Hernandez, supra; Neitzke v. Williams, supra; Haines v. Kerner, supra; Brown v. Briscoe, 998 F.2d 201, 202-204 & n. *, 1993 U.S.App. LEXIS® 17715  (4th Cir. 1993), *replacing* unpublished opinion originally tabled at 993 F.2d 1535 (4th Cir. 1993); Boyce v. Alizaduh, supra; Todd v. Baskerville, supra, 712 F.2d at 74; 28 U.S.C. § 1915(e)(2)(B)[essentially a redesignation of "old" 1915(d)]; and "new" 28 U.S.C. § 1915A[as soon as possible after docketing, district courts should review prisoner cases to determine whether they are subject to summary dismissal].



---

³For an example where supervisory liability was upheld, *see* Baynard v. Malone, 268 F.3d 228, 2001 U.S.App. LEXIS® 20975 (4th Cir. 2001), *cert. denied*, Baynard v. Alexandria City School Board, 535 U.S.954, 152 L.Ed.2d 353, 122 S.Ct. 1357, 2002 U.S. LEXIS® 1948 (2002).

The plaintiff's attention is directed to the Notice on the next page.

                Respectfully submitted,

November 2, 2005                Bristow Marchant
Columbia, South Carolina      United States Magistrate Judge

### Notice of Right to File Objections to Magistrate Judge's "Report and Recommendation" & The *Serious Consequences* of a Failure to Do So

The plaintiff is hereby notified that any objections to the attached Report and Recommendation (or Order and Recommendation) must be filed within **ten (10) days** of the date of service.  28 U.S.C. § 636 and Fed. R. Civ. P. 72(b).  The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three days for filing by mail.  Fed. R. Civ. P. 6.  A magistrate judge makes only a recommendation, and the authority to make a final determination in this case rests with the United States District Judge.  *See* Mathews v. Weber, 423 U.S. 261, 270-271 (1976); and Estrada v. Witkowski, 816 F. Supp. 408, 410, 1993 U.S.Dist. LEXIS® 3411 (D.S.C. 1993).

During the ten-day period for filing objections, **but not thereafter**, a party must file with the Clerk of Court specific, written objections to the Report and Recommendation, if he or she wishes the United States District Judge to consider any objections.  **Any written objections must *specifically identify* the portions of the Report and Recommendation to which objections are made *and* the basis for such objections.**  *See* Keeler v. Pea, 782 F. Supp. 42, 43-44, 1992 U.S.Dist. LEXIS® 8250 (D.S.C. 1992); and Oliverson v. West Valley City, 875 F. Supp. 1465, 1467, 1995 U.S.Dist. LEXIS® 776 (D.Utah 1995).  Failure to file specific, written objections shall constitute a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the United States District Judge.  *See* United States v. Schronce, 727 F.2d 91, 94 & n. 4 (4th Cir.), *cert. denied*, Schronce v. United States, 467 U.S. 1208 (1984); and Wright v. Collins, 766 F.2d 841, 845-847 & nn. 1-3 (4th Cir. 1985).  Moreover, if a party files specific objections to a portion of a magistrate judge's Report and Recommendation, but does not file specific objections to other portions of the Report and Recommendation, that party waives appellate review of the portions of the magistrate judge's Report and Recommendation to which he or she did not object.  In other words, a party's failure to object to one issue in a magistrate judge's Report and Recommendation precludes that party from subsequently raising that issue on appeal, even if objections are filed on other issues.  Howard v. Secretary of HHS, 932 F.2d 505, 508-509, 1991 U.S.App. LEXIS® 8487 (6th Cir. 1991).  *See also* Praylow v. Martin, 761 F.2d 179, 180 n. 1 (4th Cir.)(party precluded from raising on appeal factual issue to which it did not object in the district court), *cert. denied*, 474 U.S. 1009 (1985).  In Howard, supra, the Court stated that general, non-specific objections are *not* sufficient:

> **A general objection to the entirety of the [magistrate judge's] report has the same effects as would a failure to object.  The district court's attention is not focused on any specific issues for review, thereby making the initial reference to the [magistrate judge] useless.  *** This duplication of time and effort wastes judicial resources rather than saving them, and runs contrary to the purposes of the Magistrates Act.  We would hardly countenance an appellant's brief simply objecting to the district court's determination without explaining the source of the error.**

*Accord* Lockert v. Faulkner, 843 F.2d 1015, 1017-1019 (7th Cir. 1988), where the Court held that the appellant, who proceeded *pro se* in the district court, was barred from raising issues on appeal that he did not specifically raise in his objections to the district court:

> **Just as a complaint stating only 'I complain' states no claim, an objection stating only "I object" preserves no issue for review.  *** A district judge should not have to guess what arguments an objecting party depends on when reviewing a [magistrate judge's] report.**

*See also* Branch v. Martin, 886 F.2d 1043, 1046, 1989 U.S.App. LEXIS® 15,084 (8th Cir. 1989)("no de novo review if objections are untimely or general"), which involved a *pro se* litigant; and Goney v. Clark, 749 F.2d 5, 6 n. 1 (3rd Cir. 1984)(*per curiam*)("plaintiff's objections lacked the specificity necessary to trigger *de novo* review").  **This notice, hereby, apprises the plaintiff of the consequences of a failure to file specific, written objections.**  *See* Wright v. Collins, supra; and Small v. Secretary of HHS, 892 F.2d 15, 16, 1989 U.S.App. LEXIS® 19,302 (2nd Cir. 1989).  Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections addressed as follows:

**Larry W. Propes, Clerk**
**United States District Court**
**901 Richland Street**
**Columbia, South Carolina 29201**
